UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MALIBU MEDIA, LLC,

                              Plaintiff,

         vs.

JOHN DOE subscriber assigned IP address
72.229.110.129,

                            Defendant.

------------------------------------------------------------X

Case No. 1:18-cv-10956-JMF

Judge Furman

## **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [CM/ECF 20]**

Plaintiff, Malibu Media, LLC hereby files its Response to this Honorable Court's Order to Show Cause at CM/ECF 20. Plaintiff respectfully requests that this Honorable Court not dismiss it's complaint for failure to state a claim on which relief can be granted for the following reasons:

First, and most notably, the original complaint has now been amended [CM/ECF 21] so that it does allege registration of the five (5) initially complained of infringed films prior to the filing of this action. *See* CM/ECF 21 at ¶¶2-3, 23, 30, and CM/ECF 21-2.

In amending the compliant, Plaintiff has also discovered four additional films were infringed, those films have been added to the Amended Complaint, and all have registration dates prior to amendment. See CM/ECF 21-2, as to the films with most recent hit UTC of 10/19, 10/20, and 10/27/2018.

Therefore, this action should not be dismissed as all complained of works were actually registered prior to being complained of in the Complaint, and the Amended Complaint.

Second, prior to the very recently decided U.S. Supreme Court's decision in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, No. 17-571, 2019 WL 1005829 (U.S. Mar. 4, 2019), the Second Circuit was undecided on the issue of whether "registration" of a copyright for purposes of access to bring a copyright infringement lawsuit occurred on the date the application for copyright was made (the "application" approach), or the date the copyright office acted on the registration (the "registration" approach. *Lennon v. Seaman*, 84 F. Supp. 2d 522, 524 (S.D.N.Y. 2000) ("..if an application for copyright registration has been filed, jurisdiction exists while the application is pending...That either a copyright must be registered or an application brought is a jurisdictional prerequisite to the filing of an infringement action."). Therefore, at the time the instant original complaint was filed, the application approach taken by Plaintiff was proper.

For the foregoing reasons, Plaintiff respectfully submits that allegations regarding registration are properly plead in the Amended Complaint as required by *Fourth Estate Pub. Benefit Corp., Supra.*; and, additionally those works complained of in the initial complaint were properly plead under the application approach that was still valid in the Southern District of New York at the time the initial complaint was filed. Therefore, Plaintiff respectfully requests this Honorable Court not sua sponte dismiss the Amended Complaint.

Dated:  March 12, 2019                              Respectfully submitted,

                                                    By: /s/ *Kevin T. Conway*
                                                    Kevin T. Conway, Esq. (KC-3347)
                                                    80 Red Schoolhouse Road, Suite 110
                                                    Spring Valley, New York 10977

T: 845-352-0206<br>
F: 845-352-0481<br>
E-mail: ktcmalibu@gmail.com<br>
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ Kevin T. Conway*