```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
MALIBU MEDIA, LLC,                                                    :
                                                                      :
                                        Plaintiff,                    :
                                                                      :           18-CV-10956 (JMF)
                -v-                                                   :
                                                                      :           MEMORANDUM OPINION
JOHN DOE subscriber assigned IP address                               :               AND ORDER
72.229.110.129,                                                       :
                                                                      :
                                        Defendant.                    :
                                                                      :
----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Malibu Media, LLC brought this action on November 23, 2018, alleging that Defendant — an anonymous individual known to Plaintiff only by his Internet Protocol address — had infringed several of Plaintiff's copyrights in adult films that Plaintiff has produced. Docket No. 1. On December 6, 2018, the Court granted Plaintiff leave to serve a subpoena on Defendant's internet service provider in order to learn Defendant's identity and address and then serve Defendant with the summons and Complaint, "substantially for the reasons stated in *Digital Sin, Inc. v. Does 1-27*, No. 12-CV-3873 (JMF), 2012 WL 2036035 (S.D.N.Y. June 6, 2012)." Docket No. 13. Defendant, proceeding *pro se*, now moves to quash that subpoena on two grounds. *See* Docket No. 15 ("Def.'s Mem.").

First, Defendant argues that Plaintiff's Complaint was legally deficient on a theory since adopted by the Supreme Court in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, No. 17-571, 2019 WL 1005829 (U.S. Mar. 4, 2019), namely that this action should have been barred — for now — because the Copyright Office had not completed registration of

1

Plaintiff's copyrights prior to the filing of the Complaint. Def.'s Mem. 4-5. Plaintiff has since filed an Amended Complaint alleging that six of the copyrights at issue were, in fact, registered prior to the filing of the original Complaint, while three others were registered prior to the filing of the Amended Complaint. Docket No. 21-2. That is enough to moot Plaintiff's first argument, at least as to the six copyrights registered prior to November 23, 2018, on the basis of which Plaintiff is still entitled to preliminary discovery of Defendant's identity.[1]

Plaintiff's second argument merely rehashes issues relating to personal jurisdiction that the Court resolved in *Digital Sin*. Def.'s Mem. 5-9. There, the Court held that the plaintiff's allegations of personal jurisdiction relying on geolocation software are "sufficient at this stage of the proceedings." *Digital Sin*, 2012 WL 2036035, at *3. The Court reached the same preliminary conclusion as to Plaintiff's similar allegations in this case, and incorporated *Digital Sin*'s holding into its December 6, 2018 Order. *See* Docket No. 13, at 1. Although "the Court remains open to reconsideration of whether it has personal jurisdiction over [Defendant] upon a showing . . . that personal jurisdiction is lacking," *Digital Sin*, 2012 WL 2036035, at *3, Defendant has not made such a showing — at least not at this stage.

Defendant's motion to quash the subpoena is therefore DENIED, and the Court's Order to Show Cause of March 6, 2019, Docket No. 20, is discharged. Charter Communications, Inc. shall respond to the subpoena no later than **April 8, 2019**. Unless and until the Court orders otherwise, Plaintiff must continue to comply with the Court's Order granting Defendant leave to proceed anonymously as John Doe; that means that Plaintiff must redact any information tending to reveal Defendant's identity from its public filings, including proof of service, if any — while

---

[1] The Court reserves judgment, however, on the question whether — notwithstanding the filing of its Amended Complaint — Plaintiff can recover in this lawsuit for infringement of any copyrights registered after the filing of the original Complaint.

3

simultaneously filing unredacted versions under seal in accordance with the Court's Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Furman.

The Clerk of Court is directed to terminate Docket No. 15.

SO ORDERED.

Dated: March 15, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge