**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
SDNY PRO SE OFFICE
2019 MAR 19  AM 11: 41

MALIBU MEDIA, LLC,

        Plaintiff;

vs.

JOHN DOE, subscriber assigned IP address 72.229.110.129,

        Defendant.

Civil Action No. 1:18-cv-10956-JMF
Judge Furman

**MOTION FOR REHEARING
and
STAY OF PROCEEDINGS**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-19-19

Defendant JOHN DOE, pro se, submits this Motion for Rehearing and Stay of Proceedings and requests a stay of the order issued on March 15, 2019 and a rehearing of the case as the Plaintiff admitted in its Response to Order to Show Cause (Doc 22) that the Copyright Office had not registered the five works listed in Exhibit B (Doc 1-2) of the original complaint filed on November 23, 2018 and separately the Exhibit to Form AO121 (Doc 3-1) submitted to the Copyright Office. In support of this motion, defendant states:

### I.    PLAINTIFF CONCEDES PROCEEDING IN THIS MATTER USING THE *APPLICATION APPROACH*

Plaintiff admits that the five works listed in Exhibit B (Doc 1-2) of the original complaint and the Exhibit to Form AO121 (Doc 3-1) were not properly registered prior to filing its complaint on November 23, 2018. In its Response to Order to Show Cause (Doc 22), the Plaintiff states in two places that it used the application approach rather than the

registration approach prescribed by the SCOTUS decision of March 5, 2018. In the middle paragraph of page 2 of the Response (Doc 22), the Plaintiff writes "at the time the instant original complaint was filed, *the application approach* taken by Plaintiff was proper." In the last paragraph of the same document in reference to the five works, the plaintiff writes "those works complained of in the initial complaint were properly plead under *the application approach*." The Plaintiff does not say that the works were approved, registered, and issued a certificate of registration for those five works prior to filing the complaint as prescribed by the SCOTUS decision. Additionally, the Plaintiff has failed to show that the works were properly registered as required by your honor's Order to Show Cause (doc 20) as those statements clearly state they used the application approach. Because any amended complaint in this matter relates back to the date of original filing, an amended complaint cannot cure the fact that plaintiff had not registered the alleged infringed works on the date this action was filed. In fact, the plaintiff did not possess, and the Copyright Office had not issued, a certificate of registration by the filing date. Plaintiff avoids this fact in their response.

II. **Documents show the Plaintiff did not have certificates of registration at time of filing original complaint**

Exhibit B (Doc 1-2) of the original complaint and the Exhibit to Form AO121 (Doc 3-1) have the word "Pending" for Registration Number. If the Plaintiff had used the Registration Approach, the Plaintiff would have had a certificate of registration for each of those five works and would have been able to add the registration numbers rather than use the word "Pending". Instead, the Plaintiff had only made an application and

that is why those works had no registration number at the time of the initial complaint, i.e. November 23, 2018. The term "Registration Date" that is shown in those exhibits (Doc 1-2 and Doc 3-1) and the Amended Complaint (Doc 21-2) is equal to the date that the application for a copyright has been submitted to the Copyright Office. Registration Date does not equate with the date that the Copyright Office reviews an application, approves the work for registration, and then issues a certificate of registration, i.e. registration has "been made" by the Copyright Office. This is why the registration dates for those five works do not change across the three documents. Under the application approach, registration date was sufficient as it would have shown to a court that an application for a copyright had been submitted to the Copyright Office. However, Registration Number is now required as a result of the SCOTUS decision. If the Copyright Office has approved an application and issued a certificate of registration with a registration number, i.e. "been made", a plaintiff would then transpose this registration number from a certificate of registration, or the copyright database, into a complaint. As the Plaintiff has admitted, which is described is Argument 1, the Plaintiff did not receive the certificates of registration until after November 23, 2018. This is the reason why the column "Registration Number" is the only change for those five works between the original exhibits (Doc 1-2 and Doc 3-1) and the exhibit in the amended complaint (Doc 21-2). As the Plaintiff knows, an applicant applies online or mails a package to the Copyright Office. When the Copyright Office receives the application online, it sends a confirmation email that the application has been received and that date will become the registration date for purposes of the recordkeeping but it is not the issue date for the certificate of registration. The Copyright Office will then examine the application. When

the application is deemed acceptable, a physical certificate of registration is mailed to the applicant. This is the only notification of approval that the Copyright Office provides the applicant. If an applicant does not have the certificate of registration, the applicant will not have any registration number to put in a complaint filing. This means that the works have still not been registered, or "been made", by the Copyright Office. This process is described on the Library of Congress' website[1].

### III. Plaintiff fails to show that registration or preregistration had "been made" prior to November 23, 2018

The Plaintiff has not submitted any evidence that the Copyright Office issued and mailed the certificates of registration for the five works in its original complaint prior to November 23, 2018 as required by the Order to Show Cause (Doc 20). If indeed registration had "been made" for the five works, the Plaintiff would have had registration numbers prior to filing the action or would be able to provide other evidence such as the certificates of registration from the Copyright Office that it had registered and issued certificates of registration prior to November 23, 2018. Additionally, the Plaintiff has not submitted any evidence of preregistration of the five works in the original complaint.

### CONCLUSION

For the foregoing reasons the stay and rehearing should be granted, the Order should be vacated and this action dismissed.

---

[1] http://www.loc.gov/teachers/copyrightmystery/text/steps/

DATED this __19TH__ day of March 2019.

                                                                  Respectfully submitted,

                                                                  */s/ John Roe*

                                                                  JOHN DOE
                                                                  Defendant, pro se