# KEVIN T. CONWAY, ESQ.
## ATTORNEY AT LAW
### LICENSED IN
### N.Y., N.J., CT.

*80 Red Schoolhouse Road, Suite 110*          *c/o DeCotiis, Fitzpatrick, Cole & Giblin, LLC*
*Spring Valley, NY 10977*                            *500 Frank W. Burr Blvd., Ste. 31*
*Tel: (845) 352-0206*                                  *Teaneck, NJ 07666*
*Fax: (845) 352-0481*                                  *Tel: (201) 928-1100*

March 22, 2019

Honorable Judge Jesse M. Furman
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:    <u>Malibu Media, LLC v. John Doe; Case No. 1:18-cv-10956-JMF</u>**

Dear Judge Furman:

    Please accept this letter brief submitted in response to Defendant's motion for rehearing and stay of proceedings [CM/ECF.  Plaintiff hereby responds to the question "Whether the "Registration Dates" listed on Exhibit B to the Amended Complaint reflect the dates that the Copyright Office granted registration of the listed copyright…."  In short, the dates on Exhibit B reflect the effective date of the registration of the complained of works which is the only date made publicly available by the Copyright Office.  When the Copyright Office issues a registration certificate, it assigns as the effective date of registration the date it received all the required elements in acceptable form, regardless of how long it took to process the application and mail the certificate.  Copyright.gov. (2019). [online] Available at: https://www.copyright.gov/fls/sl09.pdf [Accessed 22 Mar. 2019].  The effective date of registration is the only date made publicly available by the Copyright Office.  In this case, the effective date of registration assigned by the copyright office, and the date the application was made by Plaintiff, happen to be the same as the applications for registration were filed electronically and all required elements uploaded to the Copyright Office that same day.

    If the Court is inquiring as to the actual date the Copyright Office processed the application, that information is not publicly available.  Attached as Exhibit "A," to the Declaration of Spensyr Ann Krebsbach, Esq. ("Krebsbach Decl."), filed in support of this response, are true and correct copies of not only the original registration certificates, but also the transmitting cover page sent by the Copyright Office.  When a registration certificate is mailed to Plaintiff, the only dates that appear are the effective date of registration of the work, the date of publication of the work, and the date Plaintiff's counsel certified the application.  There is no different information available on Copyright.gov.  Attached as

Exhibit "B," to Krebsbach Decl., are true and correct copies of printouts of the registration information available on Copyright.gov (the works registered 11/27/18 do not appear on the website, yet). Additionally, Plaintiff's general counsel has logged in to the Copyright.gov online registration system and finds no information setting forth a date the subject applications were processed by the Copyright Office. See Krebsbach Decl. at ¶4. Therefore, effective date of registration assigned by the Copyright Office is the only available information.

To comply with the Supreme Court's Opinion in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, No. 17-571, 2019 WL 1005829 (U.S. Mar. 4, 2019), going forward Plaintiff's newly filed cases will be filed only with works that already have registration numbers. However, for cases like the instant case, filed before *Fourth Estate Pub. Benefit Corp*. when application was sufficient prerequisite in the Second Circuit for filing of Copyright cases, Plaintiff will amend and provide only available information …the effective date of registration as it appears on the registration certificates. For these cases, regardless of the date the application was actually processed, so long as the effective date of registration precedes the filing of the initial complaint there should be no issue regarding the amendment of the complaint to add the registration number. Fed. R. Civ. P. 15(c)(B) provides that an amendment relates back to the date of the original pleading when the amendment asserts a claim that arose out of the conduct set out in the original pleading. Further, Fed. R. Civ. P. 15(d) provides that this Honorable Court may permit a supplemental pleading "even though the original pleading is defective in stating a claim…." There is no prejudice to Defendant, who has yet even been specifically named or served in this matter, in permitting such amendment/supplement. Any dismissal here would be without prejudice to Plaintiff simply refiling a new case with an initiating pleading in exactly the same form as the instant Amended Complaint. The new case would simply have to be processed again by this Court, and eventually the parties would be back at the present procedural posture in any case.

Therefore, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion for Reconsideration at CM/ECF 24.

        Respectfully Submitted,

        /s/ *Kevin T. Conway*
        Kevin T. Conway, Esq. (KC-3347)
        80 Red Schoolhouse Road, Suite 110
        Spring Valley, New York 10977
        Tel: 845-352-0206
        Fax: 845-352-0481
        Email: kconway@ktclaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 22, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: <u>/s/ <i>Kevin T. Conway</i></u>