UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
MALIBU MEDIA, LLC,                                          :
                                                            :
                                      Plaintiff,            :
                                                            :                18-CV-10956 (JMF)
                 -v-                                        :
                                                            :            MEMORANDUM OPINION
JOHN DOE subscriber assigned IP address                     :                AND ORDER
72.229.110.129,                                             :
                                                            :
                                      Defendant.            :
                                                            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

         Section 411(a) of the Copyright Act provides, with certain exceptions not relevant here,

that "no civil action for infringement of the copyright in any United States work shall be

instituted until . . . registration of the copyright claim has been made in accordance with" Title 17

of the United States Code.  17 U.S.C. § 411.  On March 4, 2019, in *Fourth Estate Public Benefit

Corp. v. Wall-Street.com, LLC*, the Supreme Court held that "'registration . . . has been made'

within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but

when the Register has registered a copyright after examining a properly filed application."  139

S. Ct. 881, 892 (2019).  The question presented here is whether a plaintiff that improperly filed

suit before a copyright was registered can cure that defect by amending its complaint after the

Register has completed registration of the copyright.  The Court holds that such a prematurely

filed suit must be dismissed notwithstanding a plaintiff's post-registration amendment.

         The question arises here in a somewhat unusual posture.  On November 23, 2018,

Plaintiff Malibu Media, LLC filed suit against an anonymous Defendant, John Doe, known to

Plaintiff only by his or her Internet Protocol address.  *See* Docket No. 1 ("Compl.").  The Court

granted Plaintiff leave to serve a third-party subpoena on Defendant's internet service provider for the purpose of learning his or her name and address; Plaintiff then served the subpoena, and Defendant — proceeding anonymously — moved to quash it.  *See* Docket Nos. 13, 15.  After the motion to quash was fully submitted, the Court ordered Plaintiff to show cause why its original Complaint should not be dismissed for failure to state a claim upon which relief could be granted — specifically, for failure to allege that registration or preregistration of the five copyright claims at issue had "been made" prior to the filing of this action, as required by *Fourth Estate*. *See* Docket No. 20.  On March 12, 2019, Plaintiff filed an Amended Complaint and an attached exhibit in which it listed registration numbers for the (now nine) copyrights at issue, and — in a column labeled "Registration Date" — gave dates that, for six of the copyrights, preceded the filing of the original Complaint.  *See* Docket No. 21 ("Am. Compl."); *id.* at Exhibit B.  That same day, Plaintiff filed a response to the Court's Order to Show Cause, stating that "the original complaint has now been amended so that it does allege registration of the five (5) initially complained of infringed films prior to the filing of this action."  Docket No. 22, at 1 (citations omitted).  Based on these representations and allegations, the Court denied the motion to quash on March 15, 2019, and allowed the case to proceed.  *See* Docket No. 23.

Shortly thereafter, Defendant filed a motion for reconsideration, urging that Plaintiff's Amended Complaint succeeded only in alleging that its copyright applications had been filed — not approved — prior to November 23, 2018.  *See* Docket No. 24.  The Court thought enough of that argument to order Plaintiff to address it.  Docket No. 25.  In response to the Court's Order, Plaintiff filed a letter-brief making clear, for the first time, that the dates listed in Exhibit B to its Amended Complaint are the dates that Plaintiff filed its applications for the copyrights at issue — *not* the dates on which the Copyright Office formally registered the copyrights.  *See* Docket

No. 27, at 1.  Plaintiff explains that because a copyright registration, once approved, is retroactively "effective" from the date the application for that registration was filed, it had listed that "effective date" in the column labeled "Registration Date" in Exhibit B to the Amended Complaint.  *Id.*  Further, according to Plaintiff, the date on which the Copyright Office actually approved each registration is "not publicly available."  *Id.*  In other words, Plaintiff now concedes that the Amended Complaint alleges only the dates that Plaintiff applied for registration of the various copyrights at issue, and does not include any allegation or representation as to when the Copyright Office approved those applications.  Thus, while the Court may infer that the Copyright Office completed registration of Plaintiffs' copyrights before the *Amended* Complaint was filed, it may not do the same with respect to the original Complaint.

As an initial matter, that means that the original Complaint failed to state a claim upon which relief could be granted.  As discussed, Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with [that] title" and, for purposes of that section, "registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright."  *Fourth Estate*, 139 S. Ct. at 886.  Although Section 411(a) "does not restrict a federal court's subject-matter jurisdiction," it is a "precondition to filing" those claims to which it applies, *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010), and it is a plaintiff's burden to allege, and later to prove, that Section 411(a)'s pre-suit requirements are satisfied, *see Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013) ("A properly pleaded copyright infringement claim must allege . . . *that the copyrights have been registered in accordance with the statute*." (alterations and internal quotation marks omitted)); *Techniques, Inc. v. Rohn*, 592 F. Supp. 1195, 1197 (S.D.N.Y. 1984)

(""A complaint which fails to plead compliance with § 411(a) is defective and subject to dismissal."). Of course, if a complaint fails to plead such compliance, but Section 411(a)'s requirements were "*in fact . . .* satisfied" prior to filing, then the defect may, like any standard pleading defect, be cured by an amended complaint — that is, an amended complaint that alleges that Section 411(a)'s requirements "[had] in fact been satisfied" at the time the original complaint was filed. *Charron v. Meaux*, 60 F.R.D. 619, 624 (S.D.N.Y. 1973) (emphasis added). Further, in such a circumstance, the amended complaint would plainly "relate[] back to commencement of the suit" and render the action compliant with Section 411(a). *Id.*; *accord Conan Properties, Inc. v. Mattel, Inc.*, 601 F. Supp. 1179, 1182 (S.D.N.Y. 1984).

Significantly, however, that is *not* the scenario presented here. Here, as noted, the Amended Complaint alleges facts that, construed in the light most favorable to Plaintiff and drawing every inference in Plaintiff's favor, establishes only that the copyrights at issue were registered prior to filing of the *Amended* Complaint. No fact alleged in either complaint establishes, or even tends to suggest, that the Copyright Office approved Plaintiff's applications — *i.e.*, that "registration ha[d] been made," 17 U.S.C. § 411(a) — before Plaintiff filed the original Complaint. The original Complaint was therefore "defective and subject to dismissal." *Techniques, Inc.*, 592 F. Supp. at 1197. Plaintiff does not seriously argue otherwise. But, in light of the Amended Complaint — which does allege registration prior to *its* filing — Plaintiff does argue against dismissal of the action, on two grounds. First, Plaintiff argues that the Amended Complaint should relate back to the filing of the original Complaint. Second, and in any event, Plaintiff argues that the Amended Complaint should not be dismissed because the intervening registration of Plaintiff's copyrights now renders the action compliant with Section 411(a)'s registration requirement. The Court disagrees on both counts.

First, with respect to relation-back, Plaintiff's argument would make a meaningless formality out of *Fourth Estate*'s requirement that an application be approved prior to filing suit. Were it correct, a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred.  That would undermine Congress's choice to "maintain[] registration as prerequisite to suit."  *Fourth Estate*, 139 S. Ct. at 891.  Enforcing Congress's choice means that an amended complaint alleging compliance with Section 411(a) cannot relate back to a time before that compliance was achieved.  That conclusion finds support in the Supreme Court's description of Section 411(a)'s registration as "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."  *Id.* at 887.  After all, a limited but persuasive line of cases holds that where a "plaintiff ha[s] not complied with [a] pre-filing" administrative exhaustion requirement, it "[can]not rely on the relation-back doctrine to retroactively bestow administrative compliance that did not exist when the plaintiff filed the initial complaint." *Chavez v. Time Warner Cable LLC*, No. CV 12-5291-RGK, 2016 WL 7647559, at *6 (C.D. Cal. Jan. 11, 2016) (internal quotation marks omitted).

For similar reasons, the Court concludes that the Amended Complaint — and the entire action — must be dismissed.[1]  As the Supreme Court and Second Circuit have held in other settings, "[l]egal proceedings are *instituted* by the origination of formal proceedings, such as the filing of an initial complaint."  *United States ex rel. Wood v. Allergan, Inc.*, 899 F.3d 163, 172

---

[1]     Although the Supreme Court has left open the question whether a district court "may or should" enforce Section 411(a) by dismissing defective complaints *sua sponte*, *Reed Elsevier, Inc.*, 559 U.S. at 171, the weight of authority in this Circuit suggests that the Court both may and should, *see Architectural Body Research Found. v. Reversible Destiny Found.*, 335 F. Supp. 3d 621, 644 (S.D.N.Y. 2018).  In any event, having afforded Plaintiff an opportunity to be heard on the matter, *see* Docket Nos. 20, 25, the Court is plainly entitled to dismiss *sua sponte*, *see, e.g.*, *Thomas v. Scully*, 943 F.3d 259, 260 (2d Cir. 1991) (per curiam).

(2d Cir. 2018) (emphasis added); *see McNeil v. United States*, 508 U.S. 106, 112 (1993)

(construing language in the Federal Tort Claims Act providing that an "action shall not be

instituted" to refer to a plaintiff's "invocation of the judicial process" by filing a complaint).  In

*Wood*, that meant that where the plaintiff's initial complaint had been filed before the statute said

an action could be "brought," filing an amended complaint in the same action could not cure the

defect.  *Wood*, 899 F.3d at 172.   By the same token, accepting the Amended Complaint as

though it "instituted" a *new* action for purposes of Section 411(a) will not do — even though it

would save Plaintiff the trouble of re-filing, seeking leave to serve another third-party subpoena,

perhaps defending a new motion to quash, and paying another filing fee.  Indeed, doing so would

fly in the face of Section 411(a)'s text, which provides that registration must be complete before

a civil action is "instituted," 17 U.S.C. § 411(a), and would defeat Congress's purpose to

"maintain[] registration as prerequisite to *suit*," not just to liability, *Fourth Estate*, 139 S. Ct. at

891 (emphasis added); *cf. Wood*, 899 F.3d at 172 (holding that "amending or supplementing a

complaint does not *bring* a new action, it only *brings* a new complaint into an action that is

already pending"); *Hoffenberg v. Provost*, 154 Fed. App'x 307, 310 (3d Cir. 2005) (per curiam)

(holding that a Federal Tort Claims Act claim that was unexhausted when the original complaint

was filed but exhausted when the complaint was later amended was properly dismissed because

"the date of the amended complaint cannot serve as the date the federal suit was 'instituted'");

*Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (same).[2]

---

[2]     As noted, Plaintiff alleged four new copyrights in the Amended Complaint.  *Compare* Compl. Ex. B, *with* Am. Compl. Ex. B.  Although there is a line of cases treating amended complaints that add new claims as instituting an "entirely new action" with respect to those claims, *see, e.g.*, *Mackovich v. United States*, 630 F.3d 1134, 1136 (8th Cir. 2011) (per curiam); *see Corley v. U.S. Dep't of Justice*, No. 14-CV-925 (NGG) (SMG), 2016 WL 11395009, at *4 (E.D.N.Y. Sept. 6, 2016) (collecting and discussing cases), *report and recommendation adopted sub nom. Corley v. United States*, No. 14-CV-925 (NGG) (SMG), 2016 WL 5394705 (E.D.N.Y.

For the foregoing reasons, the Court holds that the Amended Complaint does not comply with Section 411(a)'s pre-suit registration requirement.  In so holding, the Court parts ways with several courts that have held that a post-registration amendment can cure the defect in a complaint filed before a copyright claim was registered within the meaning of Section 411(a). *See, e.g.*, *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1489 (11th Cir. 1990), *abrogated on other grounds by Reed Elsevier, Inc.*, 559 U.S. at 157; *K-Beech, Inc. v. Doe*, No. 11-CV-02371-CMA-CBS, 2012 WL 592868, at *2 & n.4 (D. Colo. Feb. 23, 2012).  These courts have based their conclusion largely on the notion that allowing amendment would be more efficient.  *See, e.g.*, *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1025 (N.D. Cal. 2003) (holding that "as a matter of efficiency, a failure to allege registration can be cured if the plaintiff registers the copyright and files an amended complaint including an allegation that the copyrighted work is registered"); *Campbell v. Nowlin*, No. 92-CV-4177 (PNL), 1993 WL 205127, at *1-2 (S.D.N.Y. June 9, 1993) (Leval, J.) (reasoning that "[t]o dismiss the complaint and require refiling" in this circumstance "seems wasteful and pointless," and collecting cases); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 775 F. Supp. 544, 557 (E.D.N.Y. 1991) ("A

---

Sept. 27, 2016), *Wood* compels the conclusion that, for purposes of Section 411(a), an action is "instituted" only once: when the plaintiff files the initial complaint.  *See Wood*, 899 F.3d at 172. It follows that an amended complaint may not add copyright claims that, although timely as of the date of their addition to the action, would have been premature when the action was "instituted."  Were it otherwise, a plaintiff could bootstrap later-filed copyright claims into an ongoing judicial process — including, as in this case, early third-party discovery — that those later-filed claims would not have been enough to invoke on the same timeline.  (Notwithstanding the foregoing, the Court expresses no view as to whether an amended complaint may properly add copyright claims that would have been timely at the time the action was instituted or whether two timely instituted copyright actions may be consolidated even if the later-filed action includes claims that would have been untimely if included in the earlier-filed one.  Nor does the Court address whether, in a circumstance where it would be required to construe the Amended Complaint with the liberality due to *pro se* litigants, it would then construe Plaintiff's filing of an amended complaint as "instituting a new action."  *McNeil*, 508 U.S. at 113 n.9.)

formalistic dismissal, followed by a re-registration and commencement of a new action, is

unnecessary and would be wasteful."), *aff'd in part, vacated in part on other grounds*, 982 F.2d

693 (2d Cir. 1992).  As the Court acknowledged above, there is no doubt truth in that observation

for any given case.  But writ large, it would be more efficient to establish a bright-line rule that a

plaintiff must await registration before filing suit.  And, in any event, the efficiency rationale is

contrary to binding (and more recent) precedent, such as the Second Circuit's decision in *Wood*.

      In sum, the Court *sua sponte* reconsiders its determination that Plaintiff discharged the

order to show cause why this action should not be dismissed and DISMISSES the Amended

Complaint in its entirety.  Because "dismissal for failure to exhaust is usually without prejudice,"

*McCoy v. Goord*, 255 F. Supp. 2d 233, 252 (S.D.N.Y. 2003) (Chin, J.); *see Morales v. Mackalm*,

278 F.3d 126, 131 (2d Cir. 2002), *abrogated on other grounds*, *Porter v. Nussle*, 534 U.S. 516

(2002), that dismissal is without prejudice to the filing of a new action — although, for the

reasons discussed above, any newly file action will not relate back to the filing of the original

Complaint in this action.  In light of the foregoing, the Order of December 6, 2018 authorizing

Plaintiff to serve a third-party subpoena on Charter Communications, Inc. (Defendant's internet

service provider) is VACATED as moot, the subpoena to Charter Communications, Inc., is

QUASHED as moot, and Defendant's motion to reconsider the Court's Order of March 15, 2019

is DENIED as moot.  Plaintiff shall serve a copy of this Memorandum Opinion and Order on

Charter Communications, Inc., by overnight mail **and** email no later than **April 4, 2019,** and

shall file proof of such service on the docket that same day.

      One final word is warranted.  It is, to put it mildly, troubling that after the Court ordered

Plaintiff to show cause why its original Complaint complied with *Fourth Estate*'s requirement

that a copyright registration be *approved*, and not merely *applied for*, Plaintiff responded by

filing an amended complaint that listed *application* dates as "Registration Dates," and took the

position that the Amended Complaint "does allege registration . . . prior to the filing of this

action."  Docket No. 22, at 1; *see* Am. Compl. Ex. B.  That is, it is hard to avoid the conclusion

that Plaintiff's amended complaint and letter of March 12, 2019, were deliberately misleading in

their use of the term "Registration Date."  At a minimum, to the extent that Plaintiff believed that

it had a defensible basis — notwithstanding *Fourth Estate* — to describe its application dates as

"Registration Dates," Plaintiff should have made that argument more forthrightly than it did,

rather than permit the misunderstanding that the dates listed were the "Registration Dates" to

which *Fourth Estate* refers.  "The Court expects more from counsel, who owe a duty of candor

to the Court."  *Omega SA v. 375 Canal, LLC*, 324 F.R.D. 47, 55 (S.D.N.Y. 2018).

The Clerk of Court is directed to terminate Docket No. 24 and to close the case.

SO ORDERED.

Dated: April 2, 2019
   New York, New York                    _____
                                                        JESSE M. FURMAN
                                                     United States District Judge